United States District Court
Southern District of Texas

**ENTERED**

February 04, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE MARGARITO VARGAS MEDINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-257 |
| | § | |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>TEMPORARY RESTRAINING ORDER</u>

Petitioner Jose Margarito Vargas Medina is a national of Mexico currently detained by U.S. immigration authorities in Willacy County, Texas. (*See* Emergency Pet., Doc. 1; Campa Dec., Doc. 16–2)  Vargas has protection from removal to Mexico.

Respondents indicate they plan to remove Vargas to a third country, but have not yet identified a country of removal.  Vargas filed motions challenging his detention and Respondents' third-country removal procedures. (Second Am. Pet., Doc. 13, Emergency Motion., Doc. 14) Respondents filed a Motion for Summary Judgment (Doc. 16).  On February 4, the parties attended a hearing and the Court heard the arguments of counsel.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Vargas by the United States would cause Vargas immediate and irreparable injury, as he would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal).

1 / 2

The Court finds that maintaining the status quo is required for the Court to consider the arguments of the parties and to prevent immediate and irreparable injury.

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Jose Margarito Vargas Medina during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Jose Margarito Vargas Medina outside of Willacy County, Texas, during the effective dates of this Temporary Restraining Order.

This Temporary Restraining Order shall expire on the earlier of 3:00 p.m. (central standard time) on Wednesday, February 18, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on February 4, 2026, at 3:00 p.m. (central standard time) in Brownsville, Texas.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge